**In the Matter of the Application for the DISCIPLINE OF Jerome M. RUDAW- SKI, an Attorney at Law of the State of Minnesota.**

**No. C8-87-593.**

Supreme Court of Minnesota.

June 23, 1987.

**ORDER**

The Director of Lawyers Professional Responsibility filed a complaint with this court in which he alleged that during the course of handling an incorporation matter, respondent notarized the alleged signature on the Articles of Incorporation without knowing whether the signature was genuine. In fact, the signature in question was forged. When respondent found out that the signature had, in fact, been forged, he made arrangements to amend the Articles of Incorporation. Subsequently, he cooperated fully with the office of Professional Responsibility in the investigation of his conduct. The Director contends that respondent's conduct in notarizing the forged signature of the alleged incorporator and in failing to make a reasonable inquiry concerning her involvement in the corporate affairs violated Rules 1.3, 4.4, 8.4(c) and (d), Minnesota Rules of Professional Conduct. Subsequent to the filing of that petition, the Director and the respondent entered into a stipulation wherein the respondent unconditionally admitted the conduct alleged in the petition, acknowledged that he understood he had certain rights pursuant to Rule 24, Rules on Lawyers Professional Responsibility (RLPR), and waived those rights. Respondent acknowledged that he was represented by counsel.

The court, having examined the petition and having considered the stipulation, ORDERS:

1. The respondent is hereby publicly reprimanded.

2. Respondent shall within 60 days from the date of this order pay to the Director the sum of Five Hundred Dollars ($500) in costs pursuant to Rule 24(a), Rules on Lawyers Professional Responsibility.

3. Respondent shall successfully complete the Professional Responsibility Examination within one year from the date of this order. Failure of respondent to successfully complete said examination entitles the Director to move this court for an order for suspension until such requirement has successfully been completed.

4. If within two years from the date of this order the Director concludes the re-

spondent has engaged in professional misconduct substantially similar to that admitted in the stipulation herein, after giving respondent an opportunity to be heard, the Director may file a petition for disciplinary action against respondent in the court without the necessity of any further panel proceedings.